**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 15 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-73882 |
| | ) | |
| George Stipes and | ) | Chapter 7 |
| Rebecca Stipes | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM

This case is before the court on the Chapter 7 Trustee's Objection to Claim No. 13 [Doc. # 42] filed by the Auglaize County Juvenile Court ("the Juvenile Court"). The Juvenile Court 's proof of claim asserts a priority claim in the amount of $1,303.76 for detention costs for Debtors' child, which it contends constitute support. The Trustee objects to the claim to the extent that the Juvenile Court claims priority status. For the reasons that follow, the Trustee's Objection will be sustained.

The Juvenile Court's proof of claim asserts that its claim has priority status under 11 U.S.C. § 507(a)(1)(A) or (B), which provides a first priority for domestic support obligations, which includes debts for support of a child that is owed to a governmental unit. *See* 11 U.S.C. § 101(14A) (defining "domestic support obligation"). That provision, however, is not applicable in this case as it was added to § 507 pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), which was not effective until October 17, 2005. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, sec. 1501(b)(1), Pub. L. No. 109-8, 119 Stat. 23, 216 (stating that, unless otherwise provided, the amendments do not apply to cases commenced under Title 11 before the effective date of the

Act). Because Debtors' bankruptcy case was filed on October 12, 2005, before the effective date of the Act, the court must apply the pre-BAPCPA version of § 507.

The pre-BAPCPA version of § 507 provides a seventh priority for –

allowed claims for debts to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, . . . but not to the extent that such debt –
    (A) is assigned to another entity, voluntarily, by operation of law, or otherwise; or
    (B) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 507(a)(7). The Trustee does not dispute that the debt owed to the Juvenile Court is a debt for support of Debtors' child. Indeed, Ohio law provides that when a child has been committed to juvenile detention, "the juvenile court shall issue an order . . . requiring that the parent, guardian, or person charged with the child's support pay for the care, support, maintenance, and education of the child." Ohio Revised Code § 2151.36. Nevertheless, the Trustee argues that such debt is not entitled to priority status because it is not owed to "a spouse, former spouse, or child of the debtor." This court agrees.

Recognizing that an underlying objective of the Bankruptcy Code is to cause debtors' limited resources to be equally distributed among their creditors, courts narrowly construe provisions granting priority status to claims. *Howard Delivery Serv., Inc. v. Zurich American Ins. Co.,* 126 S. Ct. 2105, 2116 (2006) (finding provisions for priorities must be "tightly construed"); *City of White Plains, New York v. A & S Galleria Real Estate (In re Federated Dept. Stores, Inc.)*, 270 F.3d 994, 1000 (6th Cir. 2001) (priority claims are strictly construed because they reduce the funds available for creditors and other claimants). "'To give priority to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.'" *Howard Delivery Serv., Inc.,* 126 S. Ct. at 2116 (quoting *In re Mammoth Mart, Inc.*, 536 F.2d 950, 953 (1st Cir. 1976)).

Guided by these principles, the court finds that the language of pre-BAPCPA § 507(a)(7) is clear and concludes that only debts owed to a debtor's spouse, former spouse or child are entitled to priority.[1] *See In re Gray*, 269 B.R. 881 (Bankr. N.D. Ala. 2001) (sustaining objection to priority support claim of the State of Alabama on its own behalf); *Cf. Dekalb Cty. Div. of Family and Children Servs. v. Platter (In re*

---

[1] In its response to the Trustee's Objection, the Juvenile Court also argues that its claim in nondischargeable under § 523(a)(5). As that issue is not properly before the court at this time, this order addresses only the Trustee's objection to the Juvenile Court's claimed priority status.

2

*Platter)*, 140 F.3d 676, 680-82 (7th Cir. 1998) (interpreting nearly identical language in § 523(a)(5) and finding that state agency's claim against parent under a state statute for reimbursement of costs associated with the placement of debtor's delinquent son in a residential treatment center was dischargeable). There is no suggestion that the Juvenile Court is collecting a debt on behalf of Debtors' child. The debt at issue is owed to the Juvenile Court. The Trustee's Objection will, therefore, be sustained.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Chapter 7 Trustee's Objection to Claim No. 13 be, and hereby is, **SUSTAINED.** The Auglaize County Juvenile Court's claim will be allowed as a general unsecured claim in the amount of $1,303.76.